UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JURELI, LLC,

                    Plaintiff,                 **MEMORANDUM OF**
      v.                                       **DECISION AND ORDER**
                                                   13-CV-5717 (ADS)

RANDY J. SCHAEFER, ESQ., individually and
in her capacity as receiver,

                    Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**The Coalition of Landlords, Homeowners & Merchants, Inc.**
*Attorneys for the Plaintiff*
28 East Main Street
Babylon, NY 11702
   By: Judith Berger, Esq., Of Counsel

**Silverman Acampora LLP**
*Attorneys for the Defendant*
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
   By: Jay S. Hellman, Esq.
       Lon J. Seidman, Esq., Of Counsel

**SPATT, District Judge.**

On November 14, 2013, the Plaintiff Jureli, LLC (the "Plaintiff") commenced this action against the Defendant Randy Schaefer, Esq., individually and in her capacity as receiver in the New York State Supreme Court (the "Defendant"). The gravamen of the Plaintiff's allegations is that due to lack of notice to the Plaintiff, the state court's appointment of the Defendant as receiver was invalid. Thus, according to the Plaintiff, the Defendant's conduct in that capacity violated certain constitutional rights.

In this regard, the Plaintiff asserts the following nine causes of action: (1) unreasonable search and seizure in violation of the Fourth Amendment;

(2) deprivation of property without just compensation and without due process of law in violation of the Fifth and Fourteenth Amendments; (3) cruel and unusual punishment in violation of the Eighth Amendment; (4) invidious ethnic discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 3617; (5) deprivation of property interests in violation of 42 U.S.C. § 1982; (6) deprivation of rights secured by the Constitution and laws as a result of New York State custom in violation of 42 U.S.C. § 1983; (7) trespass in violation of New York State common law; (8) conversion in violation of New York State common law; and (9) tortious interference with a contract in violation of New York State common law.

On October 17, 2013, the Defendant removed this action to the Federal Court. Presently before the Court is a motion by the Defendant for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c). Specifically, the Defendant requests that the Court dismiss the Plaintiff's Complaint in its entirety with prejudice.

The Court pauses here to note that the Defendant's moving papers contain footnotes, which is contrary to this Court's Individual Rule II.A. Notwithstanding this infraction, the Court will consider the Defendant's papers in rendering its decision. However, the Court advises the Defendant's counsel that any future filings that contain footnotes will not be considered by this Court.

For the reasons that follow, the Court denies the Defendant's motion without prejudice; abstains from exercising subject matter jurisdiction pursuant to the Younger abstention doctrine; and remands this case to the state court.

I. BACKGROUND

**A.  Legal Standard for Considering Factual Allegations and Evidence Outside the Pleadings When Resolving a Fed. R. Civ. P. 12(c) Motion**

Before reciting the underlying factual allegations of this case, as an initial matter, the Court observes that evidence outside of the pleadings may not be considered by the Court when deciding a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(c).  See, e.g., Hoose v. Monroe Cnty., 09-CV-6080T, 2012 WL 2450762, at *2 (W.D.N.Y. June 26, 2012) ("In considering a motion for judgment on the pleadings, the court may consider only the pleadings, and not additional evidence submitted by the parties."); Banks v. United States, 10 CIV. 6613 GBD GWG, 2011 WL 4100454, at *4 (S.D.N.Y. Sept. 15, 2011), report and recommendation adopted by, 10 CIV. 6613 GBD GWG, 2011 WL 5454550 (S.D.N.Y. Nov. 9, 2011) ("While the Court may refer to evidence outside the pleadings when determining a motion pursuant Rule 12(b)(1), the Court is limited to the pleadings when considering a motion made pursuant to Rules 12(b)(6) and 12(c).") (citation omitted).  In this regard, pursuant to Fed. R. Civ. P. 12(d), where matters outside the pleadings are presented in connection with a defendant's Fed. R. Civ. P. 12(c) motion, "the court may, in its discretion, either consider the additional evidence and convert the defendant's motion to a motion for summary judgment (on notice to the plaintiff) or exclude the evidence and consider the motion as it is filed by the defendant." Hoose, 2012 WL 2450762, at *2.

In this case, the Plaintiff includes with its opposition to the Defendant's Fed. R. Civ. P. 12(c) motion several exhibits that constitute evidence beyond the pleadings. These exhibits are as follows: (1) a letter, dated November 1, 2013, from the Defendant to the Plaintiff requesting the withdrawal of the Summons with Notice that had been filed

by the Plaintiff; (2) a letter, dated November 6, 2013, from the Plaintiff in response to the Defendant's November 1, 2013; (3) multiple filings entered in the New York State District Court, Suffolk County, Third District, associated with the case entitled <u>Randy J. Schaefer, Esq., as receiver of rents and profits of real properties known as and located at 8 Judith Drive, Greenlawn, New York vs. BE4, LLC, Bruce Engel, and Jureli, LLC</u> (the "Second State Court Action"); (4) a letter, dated February 6, 2014, from the Defendant to this Court notifying the Court of the February 3, 2014 Order of the Honorable C. Stephen Hackeling ("Judge Hackeling") in the Second State Court Action; and (5) a June 21, 2013 Order entered by the Honorable Edward W. McCarthy, III of the Surrogate's Court of the State of New York, County of Nassau, in the case entitled <u>Proceeding to Discover Property and Obtain Information In the Possession of the Coalition of Landlords, Homeowners & Merchants, Inc. in the Estate of HENRY BOGART SEAMAN, Deceased</u> (the "Surrogate's Court Action").

Concerning the filings from the Second State Court Action, the Plaintiff includes the following documents with its opposition papers: (1) a November 25, 2013 Verified Petition for Contempt brought by the Defendant against the Plaintiff and two other respondents, BE4 LLC ("BE4") and Bruce Engel ("Engel"); (2) a December 5, 2013 Order to Show Cause signed by Judge Hackeling; (3) a January 22, 2014 Affirmation in Opposition submitted by the Plaintiff, BE4 and Engel, (4) a February 3, 2014 Decision and Order by Judge Hackeling finding the Plaintiff, BE4 and Engel in civil contempt and imposing a fine; and (5) a February 27, 2014 Order to Show Cause signed by Associate Justice Bruce E. Tolbert of the New York State Appellate Term, Second Department staying the February 3, 2014 Order by Judge Hackeling pending the Plaintiff's appeal.

Similarly, the Defendant also offers evidence outside of the pleadings in support of its motion, including (1) the August 15, 2012 Conditional Discharge Order by Judge Hackeling entered in the New York State District Court, Suffolk County, Third District, in the case entitled The People of the State of New York vs. Breen 1, LLC (the "First State Court Action"); (2) a June 30, 2010 Decision in the Surrogate's Court Action by Judge John B. Riordan of the Surrogate's Court; (3) the February 3, 2014 Decision by Judge Hackeling in the Second State Court Action; (4) a copy of the deed and tax transfer documents for the real property known as 8 Judith Drive, Greenlawn, New York (the "subject Premises") signed by Engel on behalf of the Plaintiff and on behalf of Breen 1 LLC ("Breen 1"); (5) a January 4, 2011 Notice of Appeal by Breen I from a December 15, 2010 oral sentencing entered against it by Judge Hackeling in the First State Court Action; and (6) a February 3, 2014 Order by Judge Hackeling in the Second State Court Action.

While generally evidence beyond the pleadings is inappropriate for consideration by the Court when resolving a Fed. R. Civ. P. 12(c) motion, the Court finds that it may nevertheless consider all of the abovementioned exhibits submitted by the parties in its analysis "without converting the motion[ ] [for judgment on the pleadings] into [a] motion[ ] for summary judgment[.]" Dellate v. Great Neck Union Free Sch. Dist., CV 09-2567 AKT, 2010 WL 3924863, at *5 (E.D.N.Y. Sept. 30, 2010), aff'd sub nom., Dellatte v. Great Neck Union Free Sch. Dist., 448 F. App'x 164 (2d Cir. 2012). This is "because 'the record[s] [from the First State Court Action, the Second State Court Action and the Surrogate's Court Action] [were] available to and clearly known of' by all parties to this action." Dellate, 2010 WL 3924863, at *5 (quoting Bennett v. Tucker, No. 95

Civ. 8029 (SAS), 1996 WL 288202, at *1 n.3 (S.D.N.Y. May 30, 1996)); see also Tiraco v. New York State Bd. of Elections, 12-CV-2273 KAM MDG, 2013 WL 4046257, at *3 n.4 (E.D.N.Y. Aug. 7, 2013) ("It is well-settled that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. . . . Moreover, a court may also consider public documents of which the plaintiff has notice.") (citations and internal quotation marks omitted); Johnson v. County of Nassau, 411 F. Supp. 2d 171, 178 (E.D.N.Y. 2006) ("[T]he Court 'may take judicial notice of the records of state administrative procedures as these are public records, without converting a motion to dismiss to one for summary judgment.'") (quoting Evans v. New York Botanical Garden, No. 02 Civ.3591 RWS, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002)).

Thus, the Court draws the following facts from the parties pleadings and exhibits and construes them in a light most favorable to the Plaintiff, as the non-moving party. Chevron Corp. v. Salazar, 807 F. Supp. 2d 189, 194 (S.D.N.Y. 2011) ("When deciding a Rule 12(c) motion, the Court applies the same standard that would be applied to a Rule 12(b)(6) motion to dismiss. The Court therefore views the pleadings in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party.") (citations omitted).

**B. Underlying Factual Allegations**

The Plaintiff is a limited liability company organized under the laws of the State of New York and, since July 12, 2012, has been the owner of the subject Premises. The Defendant was appointed as the receiver of the subject Premises pursuant to an August 15,

2012 Conditional Discharge Order entered by Judge Hackeling in the First State Court Action.

The subject Premises were previously owned by Breen 1, a North Carolina company who was the Defendant in the First State Court Action. On December 15, 2010, Judge Hackeling (1) found Breen 1 guilty of two counts of violating §§ 198-201(a) and 87-25(a) of the Huntington Town Code in connection with its ownership of the subject Premises; (2) imposed a fine of $4,500 on each count for a total fine of $9,000; and (3) issued a Conditional Discharge Order directing Breen 1 to restore the Subject premises to a single family dwelling within thirty days and to allow for a compliance inspection by January 15, 2011. (Compl. ¶8.) On January 4, 2011, Breen 1 appealed Judge Hackeling's December 15, 2010 Conditional Discharge Order to the New York State Appellate Term, Second Department and received a stay.

On July 12, 2012, while the First State Court Action was stayed, Breen 1 transferred the subject Premises to the Plaintiff. The transfer was subject to a mortgage held by Bank of America, NA, and had a remaining balance of $277,388.66. At the time it received ownership of the subject Premises, the Plaintiff began using a locked area within the property for storing records. The Plaintiff maintains that this storage space was not the primary office for the Plaintiff. On July 15, 2012, after transferring the subject Premises to the Plaintiff, Breen 1 filed articles of dissolution. Breen 1 also failed to perfect its appeal, which was dismissed, and the stay was vacated.

On August 15, 2012, a Violation of Conditional Discharge (the "VOCD") hearing was held before Judge Hackeling in the First State Court Action. The Plaintiff was allegedly not served with any notice regarding this hearing. At the VOCD hearing,

evidence was presented which demonstrated that, despite Judge Hackeling's December 15, 2010 Conditional Discharge Order, the subject Premises had not been restored to a single-family dwelling and the imposed fine had not been paid. As such, Judge Hackeling issued a supplemental Conditional Discharge so as to ensure that Breen 1 brought the subject Premises into compliance with the initial December 15, 2010 Conditional Discharge Order. In this regard, pursuant to the provisions of Judiciary Law UDCA § 203(a)(9)(b) and (c), Judge Hackeling appointed the Defendant as receiver of the subject Premises and charged her with the duty to collect rents, issues and profits and to bring the subject Premises in to conformity with all applicable zoning and housing codes.

On November 9, 2012, the Defendant filed a notice of petition in the Landlord/Tenant Part of the New York State District Court, Suffolk County, Third District, under Index No HULT 520-2012 (the "Landlord/Tenant Action"). The Defendant requested a warrant of eviction and a judgment of possession of the subject Premises. By order dated May 1, 2013, Judge Hackeling in the Landlord/Tenant Action granted the Receiver's request for a warrant of eviction and a judgment of possession for the subject Premises. According to the Plaintiff, the May 1, 2013 Order was issued without the Plaintiff receiving notice even though it was the legal owner of the subject Premises. The Plaintiff also complains that the warrant of eviction was defective because (1) it was not only signed by Judge Hackeling, but also stated that Judge Hackeling was witness to the warrant and (2) indicated that the execution of the warrant was stayed through December 9, 2012, even though that date was before the warrant was issued.

Thereafter, in her capacity as receiver, the Defendant arranged for the Suffolk County Sherriff to execute the May 1, 2013 warrant by evicting all the occupants of the premises and posting signs prohibiting other from entering the premises, including the Plaintiff.  The Defendant also accepted rent from certain tenants who were apparently residing at the subject Premises.

About a year after the Defendant commenced the Landlord/Tenant Action, the Defendant also commenced the Second State Court Action by filing a verified petition, dated November 25, 2013, against the Plaintiff and two other respondents, BE4 and Engel.  The Defendant alleged that (1) Breen 1 was a North Carolina company and Engel was the registered agent and sole member of Breen 1; (2) BE4 was a North Carolina company and Engel was the registered agent and sole officer or BE4; (3) the Plaintiff was a Wyoming company with a principal place of business in New York; (4) neither the Plaintiff, Breen 1 nor BE4 had authorization to conduct business in the State of New York and (5) when Breen 1 transferred the subject Premises to the Plaintiff, Engel signed on behalf of both Breen 1 and the Plaintiff.

The Defendant further accused the Plaintiff, BE4 and Engel of deliberately violating the August 15, 2012 Conditional Discharge Order by (1) continuing to collect rent payments from tenants of the subject Premises when all such rent payments were required to be remitted to the Defendant as the receiver; and (2) failing to restore the subject Premises to a single family residence in accordance with the Town of Huntington's zoning/housing law.  Accordingly, the Defendant requested that the Plaintiff, BE4 and Engel be found in civil contempt.

On December 4, 2013, Judge Hackeling issued an Order to Show Cause directing the Plaintiff, BE4 and Engel to show cause as to why they should not be found in contempt for allegedly willfully and deliberately refusing to obey his August 15, 2012 Conditional Discharge Order. On January 22, 2014, the Plaintiff submitted an affirmation in opposition to the Defendant's November 25, 2013 verified petition. Subsequently, on February 3, 2014, Judge Hackeling (1) found the Plaintiff, BE4 and Engel in contempt; (2) imposed, jointly and severally, a fine of $12,989, to be paid to the Defendant on or before February 28, 2014; and (3) directed that the subject Premises be transferred via recorded deed back to Breen 1. Judge Hackeling also "enjoin[ed] [the Plaintiff] and the other respondents and its attorneys from prosecuting any legal action against the Receiver outside this Court without first obtaining its permission." Schaefer v. BE4, LLC, 42 Misc. 3d 1219(A), 986 N.Y.S.2d 868 (N.Y. Dist. Ct. 2014). The Plaintiff, BE4 and Engel appealed Judge Hackeling's February 3, 2014 decision, and on February 27, 2014, Judge Tolbert of the New York State Appellate Term, Second Department, stayed the February 3, 2014 decision pending their appeal.

## II. DISCUSSION

**A. Legal Standard on a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings**

In deciding a motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c), the Court must apply the same standard of review as applicable to a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). Botta v. Colvin, 2014 WL 524092 (E.D.N.Y. 2014); Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994); Castro v. ARS National Services, 2000 WL 264310 (S.D.N.Y.2000). A court considering a Rule 12(c) motion must accept the factual allegations set forth in the complaint as true,

and all inferences must be drawn in favor of the non-moving party. Wells Fargo Bank, Nat. Ass'n v. Davidson Kempner Capital Management LLC, 2014 WL 18883547, at *2 (S.D.N.Y., 2014): Castro, at *1; Burns Int'l Sec. Servs. v. International Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir.1995).

As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679. However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009) (quoting Iqbal, 556 U.S. at 678).

**B.  As to Whether the Court Must Abstain**

Without reaching the merits of the Defendant's Fed. R. Civ. P. 12(c) motion, the Court finds sua sponte that it must abstain from considering the Plaintiff's claims pursuant to the Younger abstention doctrine. See, e.g., Thomas, 925 F. Supp. 2d at 357 (E.D.N.Y. 2013) ("[B]efore analyzing the merits of the parties' motions, the Court must determine, sua sponte, whether Younger bars the claims in the Petition.") In this regard, this abstention doctrine was first articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Pursuant to the doctrine, based on principles of federalism and comity, "federal courts may 'refrain from hearing cases that would interfere with a pending state criminal proceeding or with certain types of state civil proceedings.'" Ingber v. New York City Dep't of Educ., 14 CIV. 3942 JMF, 2014 WL 2575780, at *3 (S.D.N.Y. June 9, 2014) (quoting Quackenbush v.

11

Allstate Ins. Co., 517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)); see also Younger, 401 U.S. at 53–54; Pathways, Inc. v. Dunne, 329 F.3d 108, 113–14 (2d Cir. 2003) (citation omitted). "A state action is considered 'pending' for Younger purposes through the completion of the state appeals process, even if the federal plaintiff has failed to exercise his state appellate rights." Choi v. Kim, CV 96-2086 (RJD), 1997 WL 722708, at *5 (E.D.N.Y. Sept. 25, 1997) aff'd, 166 F.3d 1201 (2d Cir. 1998) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 594, 95 S. Ct. 1200, 43 L. Ed. 2d 482, reh'g denied, 421 U.S. 971, 95 S. Ct. 1969, 44 L. Ed. 2d 463 (1975)).

"For some time, the extraordinary circumstances in which it is appropriate for a court to abstain under Younger have been considered in light of the factors set out by the Supreme Court in Middlesex [Cnty. Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)]." Fund v. City of New York, 14 CIV. 2958 KPF, 2014 WL 2048204, at *4 (S.D.N.Y. May 19, 2014). "These factors include: are there ongoing state proceedings; do the proceedings implicate important state interests; and is there an adequate opportunity to raise constitutional challenges in the state proceedings." Id.

However, more recently, in Spring Commc'ns, Inc. v. Jacobs, __ U.S. __, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2013), the Supreme cautioned that the Middlesex factors are not dispositive, but rather "additional factors appropriately considered by the federal court before invoking Younger." 134 S. Ct. at 593 (emphasis in original). In this regard, the Supreme Court emphasized that "[o]nly exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States." Sprint Commc'ns, Inc., 134 S. Ct. at 591(citation omitted). Such circumstances exist when the federal

action interferes with one of the following three types of proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 588 (citation omitted).

Concerning the second category, the Supreme Court has generally applied the Younger abstention doctrine to federal lawsuits which overlapped with civil enforcement proceedings "akin to a criminal prosecution in important respects" in that they "are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." Id. at 592 (citation and internal quotation marks omitted). In addition, "in certain circumstances, Younger may apply to the claims of third-parties who are not directly involved in any pending state proceeding . . . where the interests of the parties seeking relief in federal court are closely related to those of parties in pending state proceedings and where the federal action seeks to interfere with pending state proceedings." Sobel v. Prudenti, 12 CV 3258 DRH WDW, 2014 WL 2750364, at *15 (E.D.N.Y. June 18, 2014) (citations and internal quotation marks omitted).

In this case, the Second State Court Action clearly constitutes a civil enforcement proceeding, since it seeks to sanction the Plaintiff for an allegedly wrongful act of violating a court order. Further, it is as a civil proceeding which involves an order uniquely in furtherance of the state court's ability to perform its judicial functions. As the Supreme Court has explained, the principles behind the Younger abstention doctrine "apply to a case in which the State's contempt process is involved[,]" because "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as the system itself affords the opportunity to pursue federal

13

claims within it, is surely an important interest." Judice v. Vail, 430 U.S. 327, 335, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977); see also Mulready v. Mulready, CIV 306CV00934 AWT, 2007 WL 1757055, at *3 (D. Conn. June 19, 2007) (holding that the Younger abstention doctrine extended where consideration of the plaintiff's claims would interfere with the state family court's decision to find the plaintiff in contempt and the proceeding was ongoing). Moreover, the proceeding is ongoing, because the February 3, 2014 decision by Judge Hackeling finding the Plaintiff and the other respondents in contempt has been appealed and is currently awaiting review by the New York State Appellate Term, Second Department.

Of importance, the Second State Court Action significantly overlaps with the First State Court Action, as Judge Hackeling specifically found that the Plaintiff, BE4 and Engel had deliberately and willfully disobeyed the August 15, 2012 Conditional Discharge Order that he had issued in that first case. Further, the Plaintiff's claims here center around the question of whether the August 15, 2012 Conditional Discharge Order—and by extension, the May 1, 2013 warrant of eviction and judgment of possession entered by Judge Hackeling in the Landlord/Tenant Action—are valid, which is also at issue in the Second State Court Action. Indeed, even the Plaintiff argued in the opposition papers it submitted in the Second State Court Action that this federal case and the Second State Court Action "revolve around the same issues and should either both be heard together in the New York State Supreme Court in Suffolk County or in Federal Court." (Berger Decl., Exh. C.) As a consequence, should this Court hear the Plaintiff's claims, it would undoubtedly interfere with the pending civil contempt proceedings in the Second State Court Action.

The Court also notes that the First State Court Action, from which the Landlord/Tenant Action and the Second State Court Action arise, was also a civil enforcement proceeding brought by the State to enforce its zoning laws. Thus, in addition to interfering with the important interest of the State's civil contempt process, the adjudication of the present lawsuit by this Court would interfere with the State's interest in enforcing its zoning laws, as this goal ultimately underlies the First State Court Action, the Landlord/Tenant Action and the Second State Court Action. In the context of applying the Younger abstention doctrine, courts have found that "the State has an important interest in regulating zoning and land use." Thomas v. Venditto, 925 F. Supp. 2d 352, 357 (E.D.N.Y. 2013); see also, Novie v. Vill. of Montebello, 10-CV-9436 CS, 2012 WL 3542222, at *12 (S.D.N.Y. Aug. 16, 2012) ("[T]he state proceeding implicates an important state interest insofar as it concerns a town land use regulation akin to a zoning requirement.").

Finally, the Court presumes that the Second State Court Action presents the Plaintiff with an adequate opportunity to raise its federal constitutional claims brought pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. See Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 77 (2d Cir. 2003) ("[I]n conducting the Younger inquiry, considerations of comity 'preclude[ ] any presumption that the state courts will not safeguard federal constitutional rights.'") (quoting Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)). In this regard, under Younger, "abstention is appropriate where the plaintiff has an opportunity to raise and have timely decided by a competent state tribunal the constitutional claims at issue in the federal

suit[,]" and "any uncertainties as to the scope of state proceedings or the availability of state remedies are generally resolved in favor of abstention." Id. at 77–78 (citations and internal quotation marks omitted). Thus, in the Court's view, there is no reason why the Plaintiff's constitutional complaints cannot be raised and addressed in the Second State Court Action.

"When Younger applies, abstention is mandatory, and its application deprives the court of subject matter jurisdiction in the matter. . . . Thus, as the Court now lacks subject matter jurisdiction over the [Complaint], it must remand the [Complaint] to state court." Thomas, 925 F. Supp. 2d at 358; see also Wilson v. Emond, 373 F. App'x 98, 100 (2d Cir. 2010) ("Under Younger, federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that pursuant to the Younger abstention doctrine, the Court, sua sponte, denies the Defendant's motion without prejudice and remands this action to the state court based on lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
August 15, 2014

                                            _____/s/ Arthur D. Spatt_____
                                               ARTHUR D. SPATT
                                           United States District Judge